### ROBERT STROUD v. THE STATE.

No. 5973. Decided November 17, 1920.

**Misdemeanor Theft—Charge of Court.**

In misdemeanors, a charge of the court is not required unless it is requested, and the record not setting out the charge of the court, and the proceedings in other respects being regular, the conviction is sustained.

Appeal from the County Court at Law No. One, of Harris County. Tried below before the Honorable Geo. Sears.

Appeal from a conviction of a misdemeanor theft. Penalty, one year confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, and *E. T. Branch*, for the State.—Cited Wagner v. State, 188 S. W. Rep., 1001.

MORROW, Judge.—The appellant was convicted of misdemeanor theft, and his punishment fixed at confinement in the county jail for one year.

By complaint and information regular in form and substance the appellant was charged with theft, and a verdict and judgment of conviction rendered. The charge of the court is not set out in the record, but in a misdemeanor case none is required unless requested. The facts are not before us, nor do we find any bills of exceptions. We must presume the trial regular, and the verdict supported by the evidence. An affirmance results.

*Affirmed.*